IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS MANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PHIL MARTIN, | ) |
| TERRI EVANS, | ) |
| KIM STEPHENS, | ) |
| TERESA GLENDENNING, | )   Case No. 23-cv-3146-DWD |
| PENNY ECKEL, | ) |
| RENAE SWITZER, | ) |
| JOHN DOE DEPOSA, | ) |
| JANE DOE GOWIN, | ) |
| MARIAH WELCH STEADMAN, | ) |
| JOHN DOE RICE, | ) |
| CALEB J. MASON, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

This matter is before the Court to address issues with service of process on three defendants, Plaintiff's "objection" to the Court's Order of Service, the Defendants' Answer (Doc. 33), and Plaintiff's Motion for Recruitment of Counsel (Doc. 36). The complaint was filed by Plaintiff Douglas Manley, a former inmate of the Illinois Department of Corrections (IDOC) after his release from prison. Manley alleged a variety of problems with the medical care that he received while incarcerated at Robinson Correctional Center. As a pro se litigant, Manley's complaint was subject to initial review under 28 U.S.C. § 1915(e)(2)(B), so the Court reviewed the case and more narrowly framed the issues for the parties in the Order for Service of Process that issued on December 20,

2023. (Doc. 9). Following that Order, the Clerk of Court attempted to transmit waivers of service on all named defendants, but was unable to locate Defendants Renae Switzer, John Doe Deposa, and Jane Doe Gowin. (Docket entries 27, 28).

On February 6, 2024, the Court directed Plaintiff to provide any supplemental information that he had available to assist in properly identifying Defendants Switzer, Deposa, and Gowin. (Docket entry 28). Plaintiff responded in a timely fashion with a variety of information about each of the three individuals. (Doc. 29). In light of this responsive information, the Court now finds it appropriate to add the Warden of Robinson to this lawsuit in his or her <u>official capacity only</u> to help properly identify these three parties. The Clerk of Court will be directed to serve the Warden, and once counsel enters an appearance on the Warden's behalf, then counsel and the Warden will be required to review the information provided by Plaintiff and to provide the Clerk of Court with any information that may assist in locating Switzer, Gowin, and Deposa. At this juncture, Plaintiff is **NOT** required to take further action on this issue. Once the Warden enters his or her appearance, the Court will detail the next steps in a subsequent order.

Next, the Court notes that in the days following the Order for Service of Process, Plaintiff filed an "objection" to the Court's Order. (Doc. 21). Although an "objection" is not a valid vehicle to challenge the Court's findings, Plaintiff is a pro se litigant, so the Court interpreted his pleading broadly as a motion under [Federal Rules of Civil Procedure 59](#) and 60. These rules are generally believed to allow an inmate to challenge a factual or legal error in a court's ruling short of an appeal. However, such a motion is not an opportunity to re-hash things the Court has already considered, and it is also not

an appropriate way to amend or alter the operative complaint.

Here, Plaintiff has identified two factual issues worth mention. He aptly points out that on page 12 of the Order (Doc. 9), the Court referenced Defendant Williams as a person who gave him a restriction on recreation (and he adds also three days of segregation). This was erroneous. Plaintiff's complaint attributed this conduct to Defendant Lewis, not Williams. Ultimately, this difference does not need to be corrected. Claims were not allowed to proceed against either Defendant for their roles as described in Plaintiff's complaint, and the misnaming in this section of the analysis does not change that. Neither a short restriction on recreation, nor three days in segregation, were enough to invoke the Fourteenth Amendment's due process clause, so either Williams or Lewis would have been dismissed and both were dismissed.

Second, Plaintiff points out that the Court inadvertently referred to Defendant Sheila Ikhanyan as a doctor. Defendant Ikhanyan, by Plaintiff's account in the complaint (and in his present objection) was actually a registered nurse. Plaintiff is correct that the Court misspoke in referring to Ikhanyan as a doctor, but this also does not alter the analysis because the claims against Ikhanyan were dismissed as insufficient and would not be reinstated if she was instead characterized as a nurse.

Aside from these two factual points, Plaintiff makes some substantive legal challenges to the Court's findings, and he closes with an indication he will file an amended complaint. No such amended complaint has been received, yet the opportunity to amend was open to Plaintiff at the time he had filed this objection, and it remains open subject to the defendants' potential opposition. The Court has thoroughly reviewed Plaintiff's contentions in his "objection," and it does not find that any warrant further

present relief.  If Plaintiff believes he may successfully replead any of his dismissed claims, he may attempt to do so by an amended complaint.

Turning to the Answer (Doc. 33) filed by Defendants Martin, Mason, Rice, and Steadman, the Court notes that these parties asserted the affirmative defense of failure to exhaust administrative remedies, but this defense does not apply to a suit brought by a former inmate *after* he has been released from incarceration.  See e.g., *Lemke v. Allen*, 2020 WL 1139269 (S.D. Ill. Mar. 9, 2020) (collecting cases for the proposition that the PLRA's exhaustion requirement only applies to individuals detained at the time that they file the lawsuit.)  The plain language of the PLRA applies only to "a prisoner confined in any jail, prison, or correctional facility," 42 U.S.C. §1997e(a), but Plaintiff was not a "prisoner" as defined by the statute at the time he filed this case.  Accordingly, the Court will not issue the standard initial discovery schedule for the exhaustion of administrative remedies. This case will be advanced to merits discovery by separate order.

Finally, Plaintiff has filed a Motion for Recruitment of Counsel.  (Doc. 36).  He claims he has sent letters and made phone calls in an attempt to retain his own counsel, to no avail. (Doc. 36 at 1).  He indicates he has a high school education, and he indicated there were "other" reasons he needed counsel, but he did not elaborate further.  When presented with a request to appoint counsel, the Court must first make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself.  See *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007).  Regardless of Plaintiff's efforts to seek his own counsel, he has not otherwise justified his request by describing why he believes he needs assistance to

maintain this case. Litigation can be a complex process, but for now, Plaintiff's case is at the earliest stages, and the next steps are closely guided by the issuance of this Order and the forthcoming merits discovery schedule. Plaintiff has successfully made multiple filings in this case, and he has actively participated in better identifying some of the named defendants. Based on this activity, the Court finds that for the time being, Plaintiff is capable of representing his own interests without the assistance of counsel. Plaintiff's Motion for Counsel (Doc. 36) is **DENIED** without prejudice.

    **SO ORDERED.**

Dated: March 20, 2024              /s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge