IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS MANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3146-DWD |
| | ) |
| REBECCA SWITZER, ET AL., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

This matter is before the Court for docket management purposes, and to resolve pending Motions. The underlying case concerns the adequacy of medical care that Plaintiff Douglas Manley received while incarcerated at Robinson Correctional Center. The Court will first address Defendant Rebecca Switzer's Motion to Dismiss (Doc. 60), which will be denied. It will then address Plaintiff's Motion to Amend (Doc. 83), which will also be denied. Finally, it will address formatting deficiencies in Defendant Switzer's Motion for Summary Judgment (Docs. 73, 74), and Plaintiff's responses (Docs. 87, 88, 89). All of these briefs will be stricken with leave to refile them.

## Switzer's Motion to Dismiss (Doc. 60)

The Court allowed Plaintiff to proceed beyond initial review on an Eighth Amendment theory of deliberate indifference against Defendant Switzer. (Doc. 9). Plaintiff alleged that in March of 2022, there was a nine-day period where the prison's medical unit did not have any appropriately sized catheters in stock. He informed

Defendant Kimberly Stephens, Switzer, and Eckel of his urgent need for a re-stock of catheters because he had not urinated in 12 hours, and Stephens told him he would either have to make do with a different size of catheter, or he would need to wash and re-use old catheters of the proper size.  (Doc. 1 at ¶¶ 240-44).  He informed the three medical professionals that even the catheter packaging advised against this use, but they all agreed he had no other option.  Plaintiff ultimately went more than 24 hours before a different medical professional left the prison to secure some new catheters of the appropriate size.  (*Id.*).

In the motion to dismiss, Switzer argues that out of hundreds of paragraphs in the complaint, she was only mentioned in about 12 paragraphs related to this single incident about a lack of catheters.  (Doc. 60).  She argues that merely agreeing with Stephens' suggestion to re-use catheters or to accept catheters of the wrong size is not a sufficient basis for deliberate indifference.  (Doc. 60).  Specifically, she argues that Plaintiff has not established the subjective intent component of a deliberate indifference claim, and the fact that a related grievance was later deemed non-emergency is proof that he did not have an objectively serious medical need.  (Doc. 60 at 3).

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in [plaintiff's] favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson*, 910 F.2d at 1520. A complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sanders v. Melvin*, 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted). When reviewing a Rule 12(b)(6) motion to dismiss, the court is generally limited to the allegations within the four corners of the complaint, along with any exhibits attached to the complaint and any documents attached to the motion that are referenced in and central to plaintiff's claims. *See, e.g.*, *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

An Eighth Amendment claim arising from the denial of medical care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d 435, 439–40 (7th Cir. 2010). A plaintiff must show that he suffered from a serious medical condition (i.e., an objective standard) and also show that each defendant responded with deliberate indifference (i.e., a subjective standard). *Id.* To satisfy the subjective component, a prisoner must demonstrate that an official knew of and disregarded an excessive risk to inmate health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Neither medical malpractice, nor mere disagreement with a doctor's medical judgment will amount to deliberate indifference. *Id.* Additionally, an inmate is not entitled to demand specific care, and a medical professional may choose from a range of acceptable courses of care. *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019).

At this early juncture, the Court assumes that the inability to urinate without a catheter, and the apparent lack of catheters at the prison for 24 hours or more, is sufficient to present an objectively serious medical need. Switzer argues the condition was not objectively serious because Plaintiff's grievance about the issue was deemed a non-emergency, but by Plaintiff's own account that transpired *after* a different prison employee went out and bought him replacement catheters a day or more after Switzer participated in denying replacements, so it does not support the notion that Plaintiff's need was not objectively serious. As for Switzer's argument that Plaintiff has not established the requisite subjective intent, this argument is supported by nothing more than a speculative reading of the facts. At the pleading and Rule 12(b)(6) stage, the Court makes all reasonable inferences in Plaintiff's favor. It is reasonable to think that

knowingly denying a person the ability to empty their bladder and suggesting an alternative directly contradicted by the catheter packaging, might be enough to sustain a finding of deliberate indifference. It is also plausible that these facts might only be enough for a negligence type claim. At this juncture, reading the pleading in Plaintiff's favor, it was appropriate for the claim to proceed. Therefore, Switzer's Motion to Dismiss (Doc. 60) will be denied.

## **Plaintiff's Motion to Amend**

On March 20, 2024, the Court issued a scheduling order that indicated any proposed amended pleading should be filed by May 20, 2024. (Doc. 38 at 3). It further cautioned that any future amendment would be barred absent good cause shown. (*Id.*). More than a year later, on April 15, 2025, Plaintiff filed a Notice and Motion for Leave to File an Amended Pleading (Doc. 83). The pleading is accompanied by a proposed amended complaint. Plaintiff explains that he is not a licensed attorney, he believes he has made a good faith effort to follow Court orders, he has recently just learned the identity of one additional defendant, and he has some issues with his personal health and living situation that have made or will make it difficult for him to complete things in a timely fashion. (Doc. 83 at 1-2). While the Court agrees that Plaintiff has put forth obvious effort to participate in this case and to comply with Court orders, this is not a sufficient explanation for such a late amended complaint.

Plaintiff does not give a clear explanation of when or how he just learned of the identity of the proposed new defendant. He does not say for example, that he initially tried to name this person as a John or Jane Doe until he could ascertain their identity.

Discovery should have been complete in this case by January 20, 2025, which presumably means that he also has known the identity of this new defendant for at least a few months before expressing a desire to add this individual. While delay alone is not a reason to deny leave to amend late in the game, *see Perrian v. O'Grady*, 958 F.2d 192, 194-95 (7th Cir. 1992), here the Plaintiff delayed 3 months beyond the merits summary judgment deadline, and the amended pleading is long and complicated. It would be a drain on the Court's resources to allow this late pleading, and it would be burdensome and prejudicial to the defendants who have already completed discovery and have filed motions for summary judgment.

Plaintiff's proposed amended complaint does not comply with the Court's Local Rules. The pleading is 62 pages in length, has 367 paragraphs, and is accompanied by at least 200 exhibits provided on a disk. Plaintiff's original pleading was 58 pages and 496 paragraphs. It was accompanied by 274-pages of exhibits. Local Rule 15.1(b)(2) requires that all new material be redlined or designated by underlying the name of the new party at least the first time it appears and by underlining paragraphs with new allegations. Hadaway's name is not underlined where it appears in paragraph 18. In paragraphs 28-30 Plaintiff explains that he wants to substitute Hadaway because he has learned in the discovery process that this was the individual responsible for a few of the incidents in the original complaint. He also expresses a desire to modify claims concerning Defendant Switzer. These sorts of piecemeal amendments are problematic, particularly because they are buried in hundreds of paragraphs of material. From a more general perspective, the entire pleading is substantively different. The Court began a side-by-side comparison

and noted that while many of the underlying factual assertions may be the same, the pleading is reorganized such that it is impossible to tell what material is new versus what is old. It is also significant to note that upon initial review of this pleading, the Court designated seven formal claims (Doc. 9 at 10), but the proposed amended pleading does not follow the structure of those designations and does not refer to the claims as identified by the Court. This complicates things because the Court and defendants have structured the analysis in this case around that designation of claims.

The burden of reviewing two complaints of such great length and complexity side-by-side, this late in the case, after discovery has been closed and after the defendants have filed lengthy motions for summary judgment would simply be too great. Both the Court and the Defendants would have to expend significant resources to analyze the materials. Although Plaintiff is pro se and his pleadings are read broadly, these late-stage modifications are simply too great. The Court and opposing parties have already expended significant resources in the review of this case. It would be prejudicial to the existing defendants to allow such extensive modifications to the pleading this late in the game. Thus, based on the delay, the length of the proposed amended pleading, and the complex differences between the original and amended pleadings, the Court finds it appropriate to deny leave to amend.

## Pending Motions for Summary Judgment and Responses

After filing the Motion to Dismiss (Doc. 60), Switzer also filed a Motion for Summary Judgment (Docs. 73, 74). The Motion is deficient because it does not comply with Local Rule 56.1(a), which requires that a summary judgment brief be accompanied

by a statement of material facts setting forth the supporting facts in separately numbered paragraphs. Switzer's Memorandum (Doc. 74) contains a general factual narrative, but not a statement of material facts. Per Local Rule 56.1(h), the Court may strike any motion or response that does not comply with the rule. Thus, Switzer's Motion and Memorandum (Docs. 73, 74) will be stricken. Switzer shall have 30 days to file a renewed Motion and Memorandum that complies with the Local Rule. The other two Motions for Summary Judgment contain properly formatted statements of material fact. (Docs. 71, 81).

Plaintiff's three responses to summary judgment (Docs. 87, 88, 89) also fail to comply with the Court's Local Rule 56.1(b), which requires that he respond to the Defendants' Motions in a certain format. As Plaintiff has explained throughout this case, he is not a legal expert and is not familiar with procedural rules. The Court reviewed the notices the Defendants filed advising Plaintiff of his need to respond to their summary judgment motions. (Docs. 72, 76, 82). None of those Notices advised Plaintiff of the specific things that must be done to respond to a motion for summary judgment in this District. Therefore, the Court is also going to strike Plaintiff's Responses (Docs. 87, 88, 89). Plaintiff shall have 45 days to re-file his responses to the Motions at Documents 73 and 80. Once Defendant Switzer files a new motion for summary judgment, he shall have 30 days to respond to her motion. This will ensure that all parties have followed the appropriate procedures, and that the Court has a complete record to review the motions. To help Plaintiff better understand how he needs to respond, the Court will issue a detailed notice that explains the Local Rule 56.1 to help Plaintiff format his responses.

### DISPOSITION

Defendant Switzer's Motion to Dismiss (Doc. 60) is **DENIED,** and her Motion for Summary Judgment (Docs. 73, 74) are hereby **STRICKEN** because they are improperly formatted and do not contain a statement of material facts as required by Local Rule 56.1(a).  **Switzer shall have 30 days to file a new Motion that is properly formatted.**

Plaintiff's Motion to Amend (Doc. 83) is **DENIED.**

Plaintiff's Responses to Summary Judgment (Docs. 87, 88, 89) are all **STRICKEN** because they do not comply with Local Rule 56.1(b).  The Court will issue a detailed notice explaining the proper formatting for a response.  **Plaintiff shall have 45 days to file new responses to the Motions (Docs. 69, 70, 80, 81).  He shall have an additional 30 days to respond to Defendant Switzer's re-filed Motion.**

**IT IS SO ORDERED.**

Dated: June 30, 2025

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge