IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS MANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3146-DWD |
| | ) |
| PHIL MARTIN, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Douglas Manley, a former inmate of the Illinois Department of Corrections (IDOC) brought this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. On September 19, 2025, the Court granted summary judgment to Defendants Evans, Eckel, Glendenning, Stephens, Switzer, Mason, Steadman, Martin, and Rice. The Court also discussed summary judgment in favor of the two outstanding defendants—Anastacia Goin and Sadiel Dopaso—under Federal Rule of Civil Procedure 56(f). The Court directed Plaintiff to file a response concerning Goin and Dopaso within 30 days, but Plaintiff filed nothing. Therefore, summary judgment will now be granted for Goin and Dopaso for the reasons stated in the September 19, 2025, Order at pages 41-43.

Specifically, the Court found upon a review of the comprehensive record provided by the parties at summary judgment that Goin and Dopaso each had only one personal encounter with Plaintiff concerning his medical needs. Specifically, Goin interacted with

Plaintiff on March 25, 2022, at which time she informed him the prison did not have any additional catheters to provide him, and he advised he may have enough catheters to last thru the weekend. Though he faults Goin in this lawsuit for allowing him to run out, there is no indication she knew he actually ran out, thus, allowing him to leave the medical unit without new supplies on March 25, 2022 was negligence at most. As to Dopaso, Plaintiff alleged that on July 4, 2022, Dopaso was present when Plaintiff was refused a catheter because he did not bring old catheters to exchange. As the Court discussed at length in the September 19th Order, an inmate cannot engineer a constitutional violation by refusing to follow prison rules pertaining to healthcare. Thus, Dopaso's participation in enforcing the catheter exchange rule was not deliberate indifference.

Goin and Dopaso were both named only in association with Claim 1, the Eighth Amendment claim for deliberate indifferent to Plaintiff's medical needs. The record evidence does not support a finding of deliberate indifference against either defendant. On the available evidence and faced with no argument to the contrary from Plaintiff, the Court now finds it appropriate to grant summary judgment under Rule 56(f)(1) in favor of Defendants Goin and Dopaso. *See e.g.*, *Haley v. Kolbe & Koble Millwork Co.*, 863 F.3d 600, 613 (7th Cir. 2017) (when there are no issues of material fact in dispute, a district court may grant summary judgment on its own motion, as long as the losing party is given notice and an opportunity to come forward with its evidence.).

## DISPOSITION

**IT IS HEREBY ORDERED THAT** summary judgment is **GRANTED** in favor of Anastacia Goin and Sadiel Dopaso.  This terminates all claims against all parties so the Clerk of Court shall enter judgment and **CLOSE** this case.

**IT IS SO ORDERED.**

**DATED:** October 31, 2025              /s/ *David W. Dugan*
                                         _____
                                         DAVID W. DUGAN
                                         United States District Judge